IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY E. SMITH, | : | |
| | : | 1:09-cv-765 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| HOUSING AUTHORITY OF THE | : | |
| COUNTY OF DAUPHIN, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM

## November 23, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 24), filed on November 2, 2010, which recommends that we grant Defendant's Motion for Summary Judgment. (Doc. 10). The Plaintiff filed objections to the R&R on November 18, 2010. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R, grant the Defendant's Motion for Summary Judgment, and close this case.

1

I.     STANDARDS OF REVIEW

   A.     **Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

   B.     **Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the

non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. FACTS[1] AND PROCEDURAL BACKGROUND

Plaintiff Gary E. Smith, Jr. ("Plaintiff" or "Smith") was hired by the Defendant, Housing Authority of the County of Dauphin ("the Authority"), in 1998 and he has been employed since that time as a Project Manager. At all times during his employment, Plaintiff's evaluations appear generally to reflect that he performed well at the technical aspects of his job and received favorable reviews. However, Plaintiff's employment record does include several incidents of anger or tactlessness with tenants of the Authority, co-workers and Plaintiff's supervisor Charles Gassert ("Gassert"). In particular, Plaintiff had a number of confrontations

---

[1] Magistrate Judge Carlson undertakes a painstaking recitation of the undisputed facts in the record at pages 2 through 10 of the R&R. In the interest of judicial economy, we shall not make the same recitation herein but instead provide a summary for the benefit of the reader. Further, to the extent that Plaintiff objects to Magistrate Judge Carlson's treatment of the undisputed facts, we find that, after our own careful review of the record, that Magistrate Judge Carlson has accurately stated the undisputed facts.

4

and disagreements with Gassert, that resulted in the exchange of several memoranda between the two men outlining their disputes. As noted by Magistrate Judge Carlson, the record reflects confrontations between Smith, superiors and co-workers that were documented by the Authority in 2002, 2004 and 2005.

In 2006, the position of Senior Citizen Service Coordinator for the Authority was created. Gwen Copeland ("Copeland"), employed by the Housing Authority of the City of Harrisburg as a Public Housing Manager, contacted Gassert about her interest in the new position and met with him in January of 2007. Copeland was qualified for the position. In mid-February of 2007, Plaintiff met with Gassert to express his interest in the job. During that meeting, Gassert informed the Plaintiff that he did not believe that Plaintiff was well-suited for the job, and told him that he had another candidate in mind. Both Plaintiff and Copeland applied for the job. Copeland was hired in March of 2007. Plaintiff remains employed as a Project Manager for the Authority.

Plaintiff commenced the instant action on April 22, 2009, alleging that the Authority's decision to hire Gwen Copeland instead of him for the Senior Citizen Service Coordinator position consisted discrimination on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964. Following the close of

5

discovery, the Defendant filed the Motion for Summary Judgment (Doc. 10), which was referred to Magistrate Judge Carlson for a R&R.

## III. DISCUSSION

Magistrate Judge Carlson, applying the familiar three-step burden shifting analysis[2] set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, concludes that Plaintiff failed to sustain his burden of identifying evidence that either casts doubt upon Defendant's stated reasons for not hiring him, or which suggests that racial discrimination was more likely than not a motivating factor in the hiring decision. Based on these determinations, Magistrate Judge Carlson recommends that the Defendant's Motion for Summary Judgment be granted.

---

[2] Under this test, a plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he was qualified for the employment position in question; and (3) that he suffered an adverse employment action, such as not being hired into a new job position for which he applied; and (4) that other similarly situated employees not in his protected class were treated more favorably. If a Plaintiff makes this *prima facie* showing, a presumption of unlawful discrimination exists, and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment decision. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). At this point, the plaintiff may show, by a preponderance of the evidence, that the employer's explanation is pretextual. *Fuentes v. Perskie*, 32 F. 3d 759, 763 (3d Cir. 1994). A plaintiff may not "avoid summary judgment simply by arguing that the factfinder need not believe the defendant's proffered legitimate explanations." *Id*. at 764. Thus, to show that an employer's proffered non-discriminatory reason is pretextual, a plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* The Third Circuit has explained that in order to satisfy this burden of proving pretext, a plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherence, or contradiction in the employer's proffered legitimate reasons for its actions that a reasonable fact finder could rationally find them unworthy of credence." *Jones v. Sch. Dist. Of Phila.*, 198 F. 3d 403, 413 (3d Cir. 1999).

In his thorough analysis, Magistrate Judge Carlson notes that Plaintiff, a member of a protected class, was qualified for the Senior Citizen Coordinator position, however he was not hired for the job. Then, Magistrate Judge Carlson concludes that the Plaintiff has offered no evidence to show that the Authority's proffered legitimate non-discriminatory reason for not hiring Plaintiff, his anger and confrontation issues, is pretext.

In the main, Plaintiff's objections to the Magistrate Judge's R&R voice his disagreement with the recommendation that summary judgment be granted. Plaintiff maintains in his objections, as he did in opposition to the summary judgment motion itself, that genuine issues of material fact remain and summary judgment is inappropriate. We disagree.

Our review of the record confirms Magistrate Judge Carlson's findings and leads to us to the same conclusion regarding the summary judgment motion. Although the Plaintiff asserts that the Authority's proffered reasons for not hiring him are pretext, the fact that Plaintiff received good reviews in the technical aspects of his job does not mean that Gassert was forced to turn a blind eye to Plaintiff's well-documented anger outburst issues when making his hiring decision. Plaintiff attempts to create a genuine issue of material fact simply by highlighting that part of his employment record was exemplary. However, a full review of the

7

facts and a full review of the Plaintiff's employment record demonstrates that the Authority's reason for not hiring him for the Senior Citizen Coordinator position was not pretext. Thus, summary judgment is appropriate here.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, we shall adopt the R&R. The Defendant's Motion for Summary Judgment will granted and the case shall be closed. An appropriate Order shall issue.